UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SCARLET MITCHELL,                                                   **COMPLAINT**

                                         Plaintiff,                 Index No.:

           -against-                                                <u>Jury Trial Demanded</u>

CITY OF NEW YORK, LAUREN LUCIANO, Individually,
JOSE GUTIERREZ, Individually, CHRISTOPHER DOUSE,
Individually, MICHAEL PALAGONIA, Individually, and
JOHN and JANE DOE 1through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                         Defendants.
--------------------------------------------------------------------------------X

         Plaintiff SCARLET MITCHELL, by her attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

                          **<u>Preliminary Statement</u>**

         1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

                              **<u>JURISDICTION</u>**

         2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

         3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

                                 **<u>VENUE</u>**

         4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff SCARLET MITCHELL is a thirty-five-year-old female resident of the State of New York, Kings County.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, LAUREN LUCIANO, JOSE GUTIERREZ, CHRISTOPHER DOUSE, MICHAEL PALAGONIA, and JOHN and/or JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On September 8, 2021, beginning at approximately 4:00 p.m., in the vicinity of 137-25 Caney Lane, in Queens County, plaintiff SCARLET MITCHELL, a domestic violence victim, was without cause or justification, unlawfully and unreasonably arrested by NYPD officers for possession of the firearm that she herself had been threatened with by her then boyfriend, referred to herein as E.J.

13.     The incident arose when, at the above time and location, plaintiff was assaulted and threatened with a firearm outside of her home by E.J.

14.     Plaintiff and two additional witnesses called 911 to report that plaintiff was being beaten up and threatened with a gun.

15.     One of the witnesses reported to 911, in sum and substance, that a man was beating a woman and that she could hear the woman screaming that the man was trying to shoot her.  She further reported that the man was, in sum and substance, attacking and dragging the woman, and provided a description of the man and woman, including their clothing.

16.     The second witness reported to 911 that there was a woman screaming for help, and further reported, in sum and substance, that she saw the woman and the man tussling in the car, heard the woman say the man had a gun, and saw the man drop something back into the car.  This witness also provided a description of plaintiff and E.J.

17.     The police dispatcher also directly notified the responding officers that a female was calling from the above mentioned location, reporting that her boyfriend had a gun, and provided E.J.'s description to the responding officers.

18.     While still on with 911, plaintiff managed to secure herself inside of her locked

3

vehicle, along with the gun that E.J. had thrown back into the car, and informed 911 of this.

19.     This information was relayed to the responding officers by dispatch.

20.     Despite all of the above information reported to 911, when NYPD officers including, but not limited to, defendants LAUREN LUCIANO and JOSE GUTIERREZ responded to the 911 calls, LUCIANO and GUTIERREZ first spoke to plaintiff's attacker E.J., who falsely claimed that the gun belonged to plaintiff.

21.     Defendant GUTIERREZ then, from a distance, ordered plaintiff to step out of the vehicle she was in.

22.     Plaintiff cooperated with defendant GUTIERREZ, and when he came closer, informed GUTIERREZ she was on the phone with 911 and that E.J. had tried to shoot her and asked GUTIERREZ to take the phone and speak to the 911 operator who was still on the phone, but instead GUTIERREZ placed plaintiff in handcuffs, and hung up on the 911 operator without obtaining any information from the 911 operator.

23.     During the encounter, plaintiff readily handed the gun to GUTIERREZ.  Plaintiff was neither being evasive nor trying to hide the weapon and explained that she was a victim, had been assaulted and threatened with the gun, that the gun was E.J.'s, and that she had called 911, and that her finger was injured.

24.     Additional officers including, but not limited to, Lieutenant CHRISTOPHER DOUSE and Officer MICHAEL PALAGONIA, also responded to the scene.

25.     While on scene, defendants learned that E.J. had an open I-Card indicating he was wanted by the 70th Precinct in relation a shots fired incident.

26.     Despite learning this information, in response to which an unidentified officer, JOHN DOE 1, believed to be a member of the NYPD who held a rank above defendant DOUSE,

4

acknowledged to DOUSE and GUTIERREZ that the gun probably belonged to E.J., and despite plaintiff's claim that she was victim, her reports of injuries, and that defendants possessed information from dispatch via the multiple 911 calls that had been made that plaintiff was the victim, all of which confirmed there was a reason to doubt that the gun belonged to plaintiff, defendants conducted no further investigation, including making efforts to obtain readily available surveillance video or eyewitness accounts, and instead continued plaintiff's arrest for possession of the gun she had been threatened with.

27.     Plaintiff was transported to the NYPD's 105th Police Precinct in a police vehicle.

28.     During her transport, the officers initially failed to properly secure plaintiff in the vehicle, causing her to repeatedly bump into the side door of the vehicle resulting in pain to her right shoulder.

29.     Eventually, after repeated complaints, a seatbelt was placed on plaintiff in an over tight manner.

30.     Plaintiff was thereafter imprisoned in the 105th Police Precinct.

31.     While imprisoned therein, plaintiff, who was menstruating, was mistreated, degraded and was, without limitation, initially denied requests for sanitary products and clean clothes, and thereafter forced to change her bloody clothes and feminine products in a cell in front of a camera monitored by male officers.

32.     After approximately six or more hours, plaintiff was transported to a hospital for medical treatment.  Despite plaintiff informing the officers that she suffers from edema in her legs, the officers shackled her legs for a prolonged period of time causing her legs to swell and causing her pain and discomfort.

33.     Plaintiff was eventually transported to Queens Central Booking on or about

September 9, 2021, but while there her edema became severe enough that plaintiff was brought back to the hospital.

34.     Plaintiff was again shackled, despite her edema condition, and despite informing the officer that her legs were swollen and that this is why she needed medical treatment.  Defendant JOHN DOE 2 nonetheless shackled plaintiff.

35.     As plaintiff walked to a police vehicle to be transported to the hospital, she nearly fell, after which the shackles were removed for the remainder of her transport.

36.     Plaintiff was prescribed an ace bandage by the hospital to treat her worsening edema, but defendant JOHN DOE 2 refused to allow plaintiff to leave the hospital with it.

37.     Plaintiff was thereafter brought back to the 105th Precinct where she was again imprisoned.

38.     During this time plaintiff was forced to utilize a bathroom near her attacker E.J.'s cell, who could see plaintiff and was permitted to verbally curse at and berate her in front of the officers.

39.     Plaintiff's requests to use a different bathroom were rebuffed.

40.     Plaintiff as eventually transported back to Queens Central Booking, and thereafter arraigned in the late evening of September 10, 2021, on felony charges for criminal possession of a weapon.

41.     Due to administrative issues with the Court, plaintiff appeared before a second judge in the early morning of September 11, 2021, at which point bail was set and plaintiff was imprisoned at Rikers Island until on or about September 12, 2021, when plaintiff was released after posting bail.

42.     The defendant officers initiated said prosecution with malice, and otherwise caused

6

the prosecution to be commenced against plaintiff without probable cause.

43.     Defendants created and manufactured false evidence which was conveyed to the Queens County District Attorney's Office ("QCDAO") by defendant LUCIANO, including that plaintiff had told her she had moved from Georgia a couple days prior, and further withheld exculpatory information from the QCDAO.  Plaintiff never made the statement attributed to her.

44.     As a result of defendants' actions, plaintiff was maliciously prosecuted, denied her right to fair trial, and otherwise deprived of her liberty.

45.     Plaintiff was compelled to return to court on approximately nine occasions until January 5, 2022, when all charges levied against her were dismissed and sealed after the QCDAO spoke to third-party eyewitnesses and viewed video evidence.

46.     Defendants LAUREN LUCIANO, JOSE GUTIERREZ, CHRISTOPHER DOUSE, MICHAEL PALAGONIA, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct

47.     Defendant CHRISTOPHER DOUSE supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

48.     All of the aforementioned acts deprived plaintiff SCARLET MITCHELL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

49.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening,

hiring, retaining, training and supervising its employees, and pursuant to customs or practices of

failure to train, monitor, or discipline officers with respect to completing thorough investigations

before executing an arrest, using unreliable information as basis for an arrest, and swearing to said

unreliable information to initiate a prosecution.

50.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK

is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD

officers, including the defendants, are insufficiently trained regarding conducting a thorough

investigation before initiating an arrest and thus engage in a practice of falsification to justify

unlawful arrests.

51.     For instance, in another civil rights action filed in this court involving false

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge
> of cases in other federal and state courts, has revealed anecdotal evidence of
> repeated, widespread falsification by arresting police officers of the New York City
> Police Department. . . . [T]here is some evidence of an attitude among officers that
> is sufficiently widespread to constitute a custom or policy by the city approving
> illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009
> WL 4263362, *2 (E.D.N.Y. 2009).

52.     Defendant CITY OF NEW YORK is further aware that such improper training has

often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action.  This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

53.     Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

54.     All of the aforementioned acts deprived plaintiff SCARLET MITCHELL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

56.     As a result of the foregoing, plaintiff SCARLET MITCHELL sustained, *inter alia*, emotional distress and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendant officers arrested plaintiff SCARLET MITCHELL without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

59.     Defendant officers caused plaintiff SCARLET MITCHELL to be falsely arrested and unlawfully imprisoned.

60.     As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants initiated, commenced, and continued a malicious prosecution against plaintiff SCARLET MITCHELL.

63.     Defendants caused plaintiff SCARLET MITCHELL to be prosecuted without any probable cause until the charges were dismissed on or about January 5, 2022.

64.     As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants officers reported false allegations against plaintiff SCARLET MITCHELL and withheld exculpatory information known to them.

67.     Defendants utilized the false allegations against plaintiff SCARLET MITCHELL in legal proceedings and withheld evidence from said proceeding.

68.     As a result of defendants' false allegations which defendants conveyed to the Queens County District Attorney's Office and as a result of their withholding of  exculpatory

evidence, plaintiff SCARLET MITCHELL suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution, and she was deprived of her liberty.

69.     As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The individually named defendants had an affirmative duty to intervene on behalf of plaintiff SCARLET MITCHELL, whose constitutional rights were being violated in their presence by other officers.

72.     The individually named defendants failed to intervene to prevent the unlawful conduct described herein.

73.     As a result of the foregoing, plaintiff SCARLET MITCHELL was falsely arrested, denied her right to a fair trial, and maliciously prosecuted.

74.     As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     The supervisory defendants, including CHRISTOPHER DOUSE, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

77.     As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80.     The aforementioned customs, policies, usages, practices, procedures and rules of defendant CITY OF NEW YORK via the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SCARLET MITCHELL' rights as described herein.   As a result of the failure of CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

81.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff SCARLET MITCHELL.

82.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SCARLET MITCHELL as alleged herein.

83.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SCARLET MITCHELL as alleged herein.

84.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SCARLET MITCHELL was unlawfully arrested, detained, and maliciously prosecuted.

85.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SCARLET MITCHELL' constitutional rights.

86.     All of the foregoing acts by defendants deprived plaintiff SCARLET MITCHELL of federally protected rights, including, but not limited to, the right:

        A.     To be free from false arrest/unlawful imprisonment;

        B.     To be free from malicious prosecution;

        C.     To be free from the violation of the right to fair trial; and

        D.     To be free from failure to intervene.

87.    As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

90.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

91.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

92.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

93.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

94.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    Defendants arrested plaintiff SCARLET MITCHELL without probable cause.

14

96.     Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

97.     As a result of the aforementioned conduct, plaintiff SCARLET MITCHELL was unlawfully imprisoned in violation of the laws of the State of New York.

98.     As a result of the aforementioned conduct, plaintiff SCARLET MITCHELL suffered emotional injury and loss of freedom.

99.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

100.    As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

## AS AND FOR AN EIGTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff SCARLET MITCHELL.

103.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

104.    Defendants caused plaintiff SCARLET MITCHELL to be prosecuted on false charges until the charges were dismissed on or about January 5, 2022.

105.    As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

106.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.   As a result of the foregoing, plaintiff SCARLET MITCHELL was placed in apprehension of imminent harmful and offensive bodily contact.

108.   As a result of defendant's conduct, plaintiff SCARLET MITCHELL has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

109.   The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

110.   As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

111.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Defendants made offensive contact with plaintiff SCARLET MITCHELL without privilege or consent.

16

113.    As a result of defendants' conduct, plaintiff SCARLET MITCHELL has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

114.    The individually named defendants battered plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

115.    As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested plaintiff SCARLET MITCHELL.

118.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

119.    As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELVETH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who falsely arrested, maliciously issued criminal process to plaintiff, and who deprived plaintiff of her right to a fair trial.

122.    As a result of the foregoing, plaintiff SCARLET MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

18

**WHEREFORE**, plaintiff SCARLET MITCHELL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 7, 2022

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff SCARLET MITCHELL
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
  BRETT H. KLEIN

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SCARLET MITCHELL,

                                  Plaintiff,

                             -against-

CITY OF NEW YORK, LAUREN LUCIANO, Individually,
JOSE GUTIERREZ, Individually, CHRISTOPHER DOUSE,
Individually, MICHAEL PALAGONIA, Individually, and
JOHN and JANE DOE 1through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.
--------------------------------------------------------------------------------X

Index No.:

# COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132